**Alexander WELLS**

v.

**GEORGE PEABODY COLLEGE
FOR TEACHERS.**

**Civ. A. No. 6816.**

United States District Court,
M. D. Tennessee,
Nashville Division.

May 24, 1973.

---

Larry D. Woods, Nashville, Tenn., for plaintiff.

Frank M. Farris, Jr., Nashville, Tenn., for defendant.

## MEMORANDUM

MORTON, District Judge.

Plaintiff brings this action alleging that the defendant refused and continues to refuse to allow him to complete his candidacy as a Ph.D. student at George Peabody College for Teachers as a result of racial bias on behalf of the defendant's agent. The relief sought is (a) an injunction restraining the defendant from refusing to permit the plaintiff to continue his doctoral studies, (b) an injunction restraining the defendant from enforcing decisions of the oral qualifying examination committees of May 14, 1970, and December 1, 1970, (c) an injunction requiring the defendant to establish a new and unbiased oral qualifying examination committee, and (d) money damages.

Plaintiff alleges that defendant's refusal to allow him to complete his candidacy as a Ph.D. student amounted to a denial to the plaintiff of the same full and equal benefits that defendant accords to white citizens. Plaintiff brings this action pursuant to 42 U.S.C. § 1981 and 28 U.S.C. § 1343. Plaintiff also alleges a breach of contract under the court's pendent jurisdiction.

Plaintiff, a graduate from Tennessee State University at Nashville, was admitted to George Peabody College for Teachers (hereinafter "Peabody") on September 22, 1965, as a non-degree graduate. On July 28, 1967, he was admitted to the Doctor of Education program. On March 7, 1968, his request to change the designation of his doctoral program to Doctor of Philosophy with a major in education and a minor in biology was granted. On November 5, 1968, plaintiff failed a qualifying written preliminary examination which was graded by a committee consisting of four individuals by the names of Rogers, Kirkman, Wicke and Lawrence. Subsequent thereto he was granted an opportunity to take a second written examination. This examination he passed, but with committee member Kirkman voting in the negative.

On May 14, 1970, he took a necessary oral qualifying examination. The committee consisted of four members, one of whom was Kirkman. Upon the tabulation of the committee votes, there were two negative, one affirmative, and one qualified vote. The qualified vote was, according to the rules of the college, recorded as a negative vote. To pass

the examination the college rules required three affirmative votes. Plaintiff then filed an appeal to the Graduate Instruction Committee alleging harshness and bias on the part of committee member Kirkman. After a meeting, this Committee determined that the doctoral committee giving the oral examination to plaintiff had violated certain procedural rules of the school. These violations consisted of one of the committee members leaving before there was a discussion of the results of the examination with the candidate and refusing to cast a definite vote. Thereupon the Graduate Instruction Committee granted plaintiff a new oral examination. The Dean of the Graduate School appointed the same committee and added one additional voting member thereto, plus an impartial observer. Plaintiff objected to Committeeman Kirkman appearing on this committee on the grounds that this individual was biased against him. However, the Dean of the Graduate School had only two full-time professors competent to sit on the committee as a representative of the major in which plaintiff was proceeding. One of these individuals had been previously removed as the faculty advisor to plaintiff because of plaintiff's objections. This left only Kirkman, who was qualified in the major field of the plaintiff. At this second oral examination, plaintiff again failed. The votes were two affirmative and three negative. Kirkman voted in the negative.

The plaintiff alleges that Kirkman was racially motivated in his vote and that the college should not have permitted Kirkman to serve on the committee.

■ There is no allegation and no proof which indicates that Peabody has engaged in any invidious discrimination based on race as to plaintiff or any other student. As a matter of fact, the

record reveals that said college has graduated several black students with Ph.D. degrees and has awarded the President's Distinguished Alumni Award to a black. The record in this case contains no evidence to indicate that Committeeman Ralph Kirkman was racially motivated in his votes on the committee.* In fact, plaintiff has completely failed to carry the burden of proof as to any racially prejudicial actions, policies or procedures by defendant or any of its agents or employees.

 The court hereby holds that defendant George Peabody College for Teachers did not deprive plaintiff of any equal rights under the law, 42 U.S.C. § 1981. The court further holds that defendant George Peabody College for Teachers breached no contract it may have had with plaintiff.

This suit is hereby dismissed.

---

* There was no allegation that the other members of the committee were racially biased. In fact, no evidence was introduced in an attempt to prove such. It is further of interest that if Kirkman had not voted on either occasion, plaintiff still would not have received the required three affirmative votes, and, at the second examination, if Kirkman had been excluded from the committee, the votes would have been two affirmative and two negative.